IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
(WESTERN DIVISION)

FIL__
05 APR 21  PM 3: 4_

ROBERT R. DI~ ~'IO
CLERK, U.S. DI__ CT.
W.D. OF TN, MEMPHIS

PAT JOHNSON           :
                      :           CIVIL ACTION NO.: 05-2069-Ma
    v.                :
                      :
RELIANCE STANDARD     :
LIFE INSURANCE COMPANY :

## ~~PROPOSED~~ JOINT SCHEDULING ORDER
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

1.      Pursuant to Federal Rule of Civil Procedure 26(f), counsel for defendant Reliance Standard Life Insurance Company contacted John Michael Bailey, Esquire, counsel for plaintiff Pat Johnson. The parties have discussed the nature and basis of their claims and counsel for plaintiff has given counsel for defendant permission to sign this Order on his behalf. Accordingly the parties jointly propose that the following dates govern discovery and other aspects of the above captioned lawsuit.

2.      **Pre-Discovery Disclosures.** The parties shall forward the information required by Federal Rule of Civil Procedure 26(a)(1) no later than **May 15, 2005**.[1]

3.      **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

    a.      Plaintiff anticipates discovery. Reliance Standard objects to discovery because this action is governed by ERISA and review is limited to the administrative record.

    b.      In the event that discovery is permitted, all discovery commenced in time to be completed by **September 24, 2005**.

    c.      In the event that discovery is permitted, a maximum number of 25 interrogatories by each party to any other party shall be served in accordance with Federal Rule of Civil Procedure 33. Interrogatories must be served sufficiently in advance of September 24, 2005 to enable the opposing party to prepare responses within due 30 days after service and prior to the discovery cutoff date.

    d.      In the event that discovery is permitted, a maximum number of 25 requests for admission by each party to any other party, in accordance with Federal Rule of Civil Procedure 33. Requests must be served sufficiently in

---

[1] Defendant has already forwarded its Initial Disclosures to Plaintiff in accordance with Fed.R.Civ.P. 26(a)(1).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-22-05

1131970 v.1

advance of September 24, 2005 to enable the opposing party to prepare responses within due 30 days after service and prior to the discovery cutoff date.

    e.    In the event that discovery is permitted, a maximum number of 5 depositions by plaintiff and 5 by defendant(s), in accordance with Federal Rule of Civil Procedure 30. All depositions (fact and expert) shall be concluded no later than **September 24, 2005.**

    f.    In the event that discovery is permitted, each deposition shall be limited to maximum of 7 hours unless extended by agreement of the parties.

    g.    Reliance Standard contends that review is limited to the Administrative Record and that expert reports are not allowed. Without waiver of Reliance Standard's right to object to any improper expert testimony and in the event expert testimony is permitted and necessary, identification of and reports from retained experts under Rule 26(a)(2) due:

        from Plaintiff by: **July 24, 2005**
        from Defendant by: **August 24, 2005**

4. **Other Matters.**

    a.    Joining Parties: **May 24, 2005**

    b.    Amended Pleadings: **May 24, 2005**

    c.    Initial Motions to Dismiss: **May 24, 2005**

    d.    Reliance Standard contends that this matter should be decided on Motions for Summary Judgment and proposes a deadline for filing of Dispositive Motions by **July 24, 2005**.

    e.    The opposing party may file a Response to any Motion and an Additional Reply.

    f.    In the event that this matter proceeds to trial, Reliance Standard contends that a jury trial is not appropriate under ERISA.

This Order has been entered after consultation with trial counsel, pursuant to notice by this Court. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

IT IS SO ORDERED.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE
DATE: April 22, 2005

APPROVED FOR ENTRY BY:

LAW OFFICES OF JOHN MICHAEL BAILEY

John Michael Bailey, Esquire
5978 Knight Arnold Road
Suite 400
Memphis, Tennessee 38115

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

S. Russell Headrick, Esquire
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(Local Counsel for Defendant)

1131970 v.1

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02069 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

John M. Bailey
LAW OFFICES OF JOHN M. BAILEY
5978 Knight Arnold
Ste. 400
Memphis, TN 38115

Leigh McDaniel Chiles
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT