IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PAT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-2069 Ml/V |
| | ) | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed July 8, 2005. Plaintiff responded in opposition on September 7, 2005. For the following reasons, Defendant's motion is GRANTED.[1]

## I. BACKGROUND AND RELEVANT FACTS

This case arises out of the denial of accidental death insurance benefits by Defendant Reliance Standard Life Insurance Company ("Defendant"). Plaintiff Pat Johnson ("Plaintiff") initiated this action in the Circuit Court of Shelby County on January 4, 2005. Defendant subsequently removed the action on January 26, 2005, and Plaintiff filed an Amended Complaint on May 10, 2005.

---

[1] Accordingly, the only claims remaining in this action are to recover benefits under 29 U.S.C. § 1132(a)(1)(B) and for attorney's fees and costs under 29 U.S.C. § 1132(g).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-16-05



Defendant is a provider of group accidental death insurance. Plaintiff was a beneficiary of an accidental death insurance policy, which was issued by Plaintiff's husband's employer, the John H. Harland Company, and administered by Defendant. On February 13, 2004, Plaintiff's husband, Jerry W. Johnson, died. According to the Amended Complaint, Mr. Johnson died as a result of trauma to his brain which he sustained in a fall in the bathroom of his home. The original death certificate listed the immediate cause of death as a subdural hematoma and noted that Mr. Johnson also suffered from lung cancer. (Am. Compl. ¶ 7; Pl.'s Resp. Def.'s Mot. Dismiss Pl.'s Compl. unnumbered Ex.) After her husband's death, Plaintiff submitted a claim to Defendant for death benefits under the policy. Defendant sent the death certificate to a consultant for an independent medical examination. On October 6, 2004, Defendant notified Plaintiff that, based on the results of its independent medical investigation, it would not pay any benefits for her husband's death. Plaintiff brought the instant suit in January, 2005, to recover benefits to which she believes she is entitled.

The parties agree that the insurance policy was part of an employee welfare benefit plan established and maintained by an employer and thus that all claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, <u>et seq.</u> Plaintiff brings claims against Defendant to

2

recover insurance benefits under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duty under 29 U.S.C. 1132(a)(3)(B).[2] Plaintiff requests judgment for "all actual, general and special damages," punitive damages, pre- and post-judgment interest, costs of court, attorney's fees and expenses, and any further relief to which she may be entitled. (Am. Compl. 4-5.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the

---

[2] In her amended complaint, Plaintiff does not expressly specify the statutory provisions under which she is bringing suit. However, Plaintiff refers to 29 U.S.C. § 1132(a)(1)(B) in her response to Defendant's Motion to Dismiss. (Pl.'s Resp. Def.'s Mot. Dismiss Pl.'s Compl. 3.) In addition, Plaintiff asserts that she is entitled to "appropriate equitable relief" to redress her breach of fiduciary duty claim, which is the language of 29 U.S.C. § 1132(a)(3)(B). Moreover, the Court notes that claimants are not entitled to individual relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). See Bauer v. RBX Industries, Inc., 368 F.3d 569, 582 n.6 (6th Cir. 2004)("A party alleging breach of fiduciary duties cannot seek personal remuneration. '[A] cause of action under § 1132(a)(2) permits recovery to inure only to the ERISA plan, not to individual beneficiaries.'")(quoting Adcox v. Teledyne, Inc., 21 F.3d 1381, 1390 (6th Cir. 1994)(emphasis added)). Accordingly, the Court construes Plaintiff's claims as brought under 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3)(B).

3

allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. ANALYSIS

#### A. Compensatory and Punitive Damages

Plaintiff brings claims for actual, general, special, and punitive damages under ERISA 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3)(B). Defendant contends that compensatory and punitive damages are not recoverable under ERISA and that these claims should be dismissed.

ERISA preempts state law causes of action. 29 U.S.C. § 1144(a)[3]; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). The Supreme Court has held that "ERISA's civil enforcement remedies are exclusive and so preempt state law remedies." Id.,

---

[3] The statute provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a)(emphasis added).

4

cited in Varhola v. Doe, 820 F.2d 809, 817 (6th Cir. 1987); Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). Twenty-nine U.S.C. section 1132 sets forth the procedures and remedies for civil claims brought under ERISA.[4] Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).

### 1. 29 U.S.C. § 1132(a)(3)

The law is well settled that recovery for ERISA claims brought under § 1132(a)(3) does not include compensatory or punitive damages. Mertens v. Hewitt Associates, 508 U.S. 248 (1993)(holding that the phrase "other appropriate equitable relief" in § 1132(a)(3) is limited to forms of relief typically available in equity); Gerbec v. United States, 164 F.3d 1015, 1019 (6th Cir. 1999); see also Mass. Mutual Life. Ins. Co. v. Russell, 473 U.S. 134, 148 (1985)(holding that punitive and compensatory damages are not recoverable for breach of fiduciary

---

[4] The relevant provisions of the statute provide:

(a) A civil action may be brought-
(1) by a participant or beneficiary-
. . . .
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
. . . .
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

duty under 29 U.S.C. § 1109(a)); Varhola, 820 F.2d at 817 (holding that punitive damages not recoverable in a civil action under 29 U.S.C. § 1132(a)(3)); Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689, 697 (6th Cir. 1989)(holding that "punitive damages are based on state law and thus also are preempted by ERISA."). "Because money damages are 'the classic form of legal relief,' § 1132(a)(3) does not authorize suits for compensatory, much less punitive, damages." Allinder v. Inter-City Products Corp., 152 F.3d 544, 552 (6th Cir. 1998)(quoting Mertens, 508 U.S. at 255). Thus, Plaintiff's claim for "other appropriate equitable relief" under 1132(a)(3)(B) cannot include actual, general, special, or punitive damages.

### 2. 29 U.S.C. § 1132(a)(1)(B)

Plaintiff is also precluded from recovering damages under 29 U.S.C. § 1132(a)(1)(B). In Davis, the Sixth Circuit held that "[t]here can be no extracontractual recovery in the context of an ERISA plan . . . ." Davis, 887 F.2d at 696; see also Warren v. Society National Bank, 905 F.2d 975, 979 (6th Cir. 1990). The Sixth Circuit has specifically held that extracontractual compensatory damages are not available under § 1132(a)(1)(B). Int'l Union UAW Local 91 v. Park-Ohio Indus., Inc., 876 F.2d 894, 1989 WL 63871, **8 (6th Cir. June 15, 1989); see also Mass. Mutual Life Ins. Co., 473 U.S. at 144 (noting that § 1132(a)(1)(B) "says nothing about the recovery of

6

extracontractual damages . . . [and t]hus, there is really nothing at all in the statutory text to support the conclusion that such [violation] gives rise to a private right of action for compensatory or punitive relief").

Treating all of the well-pled allegations in the Amended Complaint as true and drawing all inferences in favor of Plaintiff, the Court finds that Plaintiff has not adequately pled a cause of action for actual, general, special, and punitive damages. Accordingly, Defendant's motion to dismiss Plaintiff's claims for actual, general, special, and punitive damages is GRANTED.

### B. Fiduciary Duty

Plaintiff also brings a claim for breach of fiduciary duty. Defendant contends that Plaintiff cannot bring this claim where she has another form of relief available. Defendant alleges that because Plaintiff can bring, and has brought, a claim under § 1132(a)(1)(B), her claim for breach of fiduciary duty should be dismissed.

ERISA holds fiduciaries liable for breach of their duties. 29 U.S.C. § 1109(a). ERISA authorizes a beneficiary to bring an action against a fiduciary who has violated § 1109. 29 U.S.C. §§ 1132(a)(2), (a)(3). However, the Sixth Circuit has held that this provision "was intended to protect 'the entire plan, rather than . . . the rights of an individual beneficiary,'" and thus,

7

fiduciaries can be liable only to the plan for breach of their duties. Davis, 887 F.2d at 696 (quoting Mass. Mutual Life Ins. Co., 473 U.S. at 142). In Mass. Mutual, the Supreme Court held that "the recovery for a violation of [29 U.S.C. § 1109] inures to the benefit of the plan as a whole." 473 U.S. at 140. "Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages . . ." under § 1109(a). Id. at 148.

In addition, the Supreme Court has held that beneficiaries cannot challenge the denial of insurance benefits under § 1132(a)(3) for breach of fiduciary duty where they have another cause of action under ERISA. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615-16 (6th Cir. 1998)(construing Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)). As the Sixth Circuit has explained:

> [b]ecause § 1132(a)(1)(B) provides a remedy for [the plaintiff's] alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3). . . . To rule in [the plaintiff's] favor would allow him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected.

Wilkins, 150 F.3d at 615-16 (citing Varity Corp., 516 U.S. at 512); c.f. Hill v. Blue Cross and Blue Shield of Mich., 409 F.3d 710, 718 (6th Cir. 2005)(finding plaintiffs entitled to bring §

1132(a)(3) claim where fiduciary duty claim arose out of alleged defect in plan-wide handling procedures and sought plan-wide injunctive relief). "[W]here a beneficiary has the ability to bring a lawsuit under § 1132(a)(1) to challenge the denial of benefits, he cannot maintain a claim for breach of fiduciary duty under § 1132(a)(3)." Shackelford v. Continental Cas. Co., 96 F. Supp. 2d 738, 742-43 (W.D. Tenn. 2000)(citation omitted).

Here, Plaintiff can "avail [herself] of § 1132's other remedies," Wilkins, 150 F.3d at 615, as evidenced by her claim for benefits under § 1132(a)(1)(B). Since Plaintiff does not seek plan-wide relief, she cannot simply re-characterize her claim for individual benefits as a claim for breach of fiduciary duty and thereby seek additional relief under § 1132(a)(3). Accordingly, Defendant's motion to dismiss Plaintiff's claim for breach of fiduciary duty pursuant to Rule 12(b)(6) is GRANTED.

**IV. CONCLUSION**

For the reasons stated, Defendant's motion to dismiss is GRANTED. Accordingly, Plaintiff's claims for actual, general, special damages, and punitive damages and Plaintiff's cause of action under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty are DISMISSED.[5]

---

[5] In accordance with the order of the magistrate judge of July 29, 2005, the parties must file any dispositive motions within two weeks of the entry of this order.

So ORDERED this 15 day of December, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:05-CV-02069 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Leigh McDaniel Chiles
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

John M. Bailey
LAW OFFICES OF JOHN M. BAILEY
5978 Knight Arnold
Ste. 400
Memphis, TN 38115

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT